Slip Op. 07-139

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| JULIE NGUYEN,<br><br>                            Plaintiff,<br><br>    v.<br><br>UNITED STATES SECRETARY<br>OF AGRICULTURE,<br><br>                            Defendant. | Before: Leo M. Gordon, Judge<br><br>Court No. 06-00138 |

**OPINION**

[Plaintiff's motion for judgment on the agency record denied.]

Dated:  September 14, 2007

Wilmer Cutler Pickering Hale and Dorr LLP (John D. Greenwald and Lynn M. Fischer Fox) for the Plaintiff.

Peter D. Keisler, Assistant Attorney General; Jeanne E. Davidson, Director; and Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Richard P. Schroeder), for the Defendant.

Gordon, Judge:   The court has jurisdiction over this action pursuant to Section 142 of the Trade Act of 2002, as amended, 19 U.S.C. § 2395 (Supp. 2004).[1] Plaintiff Julie Nguyen challenges the denial of trade adjustment assistance ("TAA"). For the reasons set forth below, the court denies Plaintiff's motion for judgment on the agency record and affirms the agency's denial of trade adjustment assistance.

---

[1] All further citations to the Trade Act of 1974, as amended by the Trade Act of 2002, are to the relevant provision in Title 19 of the U.S. Code, 2004 Supplement.

## I. Background

In November 2004 the Foreign Agricultural Service ("FAS") of the United States Department of Agriculture ("USDA") certified shrimpers landing their catch in Texas as eligible to apply for fiscal year 2005 TAA benefits. Trade Adjustment Assistance for Farmers, 69 Fed. Reg. 69,582 (Dep't of Agric. Nov. 30, 2004) (notice of certification). The 90-day period to apply for those benefits began on November 29, 2004, and closed on February 28, 2005. Id.

Plaintiff's husband, Be Nguyen ("Mr. Nguyen"), is a Texas shrimper. On February 17, 2005, Mr. Nguyen timely filed an individual application for fiscal year 2005 benefits with the local Farm Service Agency ("county agent") that administers the TAA program in Jefferson/Orange County, Texas. (Pub. R. at 30.)[2] The county agent granted the application on August 22, 2005, and paid Mr. Nguyen $10,000 in adjustment assistance.

After receiving this payment the Nguyens learned that a husband and a wife engaged in a farming operation as a joint venture are both eligible to receive TAA benefits. The Nguyens subsequently submitted a revised application to the county agent on December 29, 2005, listing both Plaintiff and her husband as eligible producers, and re-attaching the certifying documentation submitted with Mr. Nguyen's individual application. (Pub. R. at 1.) The revised application was filed four months after Mr. Nguyen received his $10,000 payment and 10 months after the closure of the 90-day application period for fiscal year 2005 benefits. The USDA denied the

---

[2] The public version of the administrative record is cited as "Pub. R."

Court No. 06-00138                                                                                         Page 3

application as untimely.  Because the application was untimely, the agency did not consider the merits of the application.

Ms. Nguyen subsequently challenged the USDA's decision by commencing an action in the Court of International Trade.  On February 5, 2007, the court issued an opinion and order remanding the matter for further consideration by USDA.  See Nguyen v. United States Sec'y of Agric., 31 CIT __, 471 F. Supp. 2d 1350 (2007).  Among other things, the court held that the agency had not addressed whether the Nguyens' application was "subject to the 90-day deadline of [19 U.S.C. § 2401e(a)(1)], or [was] instead governed by some non-statutory application deadline, which the agency has the discretion to waive or modify under 7 C.F.R. § 1580.501."  Nguyen, 31 CIT at __, 471 F. Supp. 2d at 1352.  The court also noted that the administrative record indicated that the agency had incorrectly stated that the Nguyens were seeking TAA benefits "as individuals and not jointly as originally filed."  Id. (internal citations omitted).  This misstatement of material fact necessitated a remand because Mr. Nguyen originally applied as an individual, and the Nguyens' revised application was for a "joint operation."  Id.  The court thus remanded the matter "for consideration of the revised application in its proper context."  Id. at 1353.

On remand USDA acknowledged that Mr. Nguyen originally applied as an individual, and that the Nguyens subsequently applied as a joint operation for the same year.  Reconsideration upon Remand of the Application of Be and Julie Nguyen at 1-2, Nguyen v. United States Sec'y of Agric., No. 06-00138 (Apr. 16, 2007) ("Remand Determination").  With respect to the whether the December 29, 2005, application was governed by the 90-day deadline of 19 U.S.C. § 2401e(a)(1), or a non-statutory

Court No. 06-00138 Page 4

application deadline that the agency could waive under 7 C.F.R. § 1580.501, USDA concluded that the 90-day statutory deadline applied and that it lacked authority to consider the Nguyens' revised application past the February 28, 2005, deadline. Remand Determination at 4.

USDA also concluded that, even if it had the authority to waive the statutory application deadline, it still would have found that the Nguyens would have been entitled only to the statutory maximum payment of $10,000 because their documentation in support of their application mandated that they be combined as one person for payment limitations purposes. Id. at 5; see 19 U.S.C. § 2401e(c). Accordingly, the agency concluded that even if the application had been timely filed, Ms. Nguyen would not have been eligible for any additional benefits. Remand Determination at 5.

## II. Standard of Review

The court upholds the USDA's denial of trade adjustment assistance unless it is unsupported by substantial evidence on the record. 19 U.S.C. § 2395(b). This standard in essence requires the court to consider whether the agency's determination is reasonable given the administrative record as a whole. Nippon Steel Corp. v. United States, 458 F.3d 1345, 1351 (Fed. Cir. 2006). On legal issues the court upholds the agency's determination if it is "in accordance with law." See Lady Kim T. Inc. v. United States Sec'y of Agric., 30 CIT ___, ___, 469 F. Supp. 2d 1262, 1263 (2006) (citing Former Employees of Elec. Data Sys. Corp. v. U.S. Sec'y of Labor, 28 CIT ___, ___, 350 F. Supp. 2d 1282, 1286 (2004)).

### III. Discussion

As noted above, on remand the agency concluded that a revised application like the one filed by Ms. Nguyen is subject to the 90-day statutory deadline of 19 U.S.C. § 2401e(a)(1). Remand Determination at 4. The agency therefore denied the Nguyens' revised application as untimely because it was filed 10-months after the deadline. To avoid the operation of the statutory deadline, Plaintiff invokes the doctrine of equitable tolling. Pl.'s Objections to Remand Determination at 4-5. The doctrine of equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence plaintiff is unable to obtain essential information regarding the existence of plaintiff's claim. Weddel v. Sec'y of Health & Human Servs., 100 F.3d 929, 931 (Fed. Cir. 1996); Cada v. Baxter Healthcare Corp., 920 F.2d 446, 453 (7th Cir. 1990) ("[A] plaintiff who invokes equitable tolling to suspend the statute of limitations must bring suit within a reasonable time after [plaintiff] has obtained, or by due diligence could have obtained, the necessary information.").

For a timely filed but defective submission like the Nguyens', the defendant's misleading conduct may prove relevant if it somehow affects plaintiff's diligence in correcting the error, but it is not a technical requirement to equitably toll the statute of limitations. See Frazer v. United States, 288 F.3d 1347, 1353 n.3 (Fed. Cir. 2002) ("Timely filed but defective submissions differ; the defect need not necessarily be due to misleading governmental conduct."). The "critical inquiry" is plaintiff's diligence. Bensman v. United States Forest Serv., 408 F.3d 945, 964 (7th Cir. 2005), see also Chung v. United States Dep't of Justice, 333 F.3d 273, 278-79 (D.C. Cir. 2003) (distinguishing equitable tolling from equitable estoppel).

Plaintiff's affidavit in support of her motion to proceed in forma pauperis, (filed before Plaintiff obtained the assistance of pro bono counsel) contains some evidence supporting a possible equitable tolling claim.  In her affidavit Plaintiff alleges that she "tried to apply for the grant at the same time" as her husband but "was told at the time that only one person is qualif[ied] for it," and that she "tried to apply again but the [USDA] told [her] that it was too late."  Aff. In Support of Mot. to Proceed In Forma Pauperis at 1-2, Nguyen v. United States Sec'y of Agric., No. 06-00138 (May 30, 2006). Plaintiff offers no further information that explains her and her husband's diligence in seeking to correct Mr. Nguyen's timely filed application from one that sought individual benefits to one that sought joint benefits.  Nothing indicates when or how Plaintiff learned that a husband and wife were eligible for joint benefits and how quickly they endeavored to correct the previous filing.  Without more information about Plaintiff's diligence, the court cannot justify a further remand to the agency.

## IV. Conclusion

The court denies Plaintiff's motion for judgment on the agency record and will enter judgment in favor of Defendant affirming the denial of Plaintiff's application for fiscal year 2005 TAA benefits.

/s/ Leo M. Gordon
Judge Leo M. Gordon

Dated: September 14, 2007
     New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| JULIE NGUYEN,<br><br>      Plaintiff,<br><br>  v.<br><br>UNITED STATES SECRETARY<br>OF AGRICULTURE,<br><br>      Defendant. | Before: Leo M. Gordon, Judge<br><br>Court No. 06-00138 |

## JUDGMENT

Upon consideration of Defendant's Reconsideration Upon Remand of the Application of Be and Julie Nguyen, dated April 16, 2007, Plaintiff's Objections to Defendant's Reconsideration Upon Remand of the Application of Be and Julie Nguyen, Defendant's Response to Plaintiff's Objections, and all other papers filed and proceedings in this action, it is hereby

**ORDERED** that Defendant's Reconsideration Upon Remand of the Application of Be and Julie Nguyen is affirmed.

                  /s/ Leo M. Gordon
                 Judge Leo M. Gordon

Dated: September 14, 2007
   New York, New York

# NOTICE OF ENTRY AND SERVICE

      This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

      Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

      or

      Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

      Tina Potuto Kimble
      Clerk of the Court

Date: _____    By: _____
                                                                                        Deputy Clerk